## ANDREW MUCCIANTE*
*vs.*
## CITY OF NEW HAVEN

Superior Court     New Haven County     File No. 55026

MEMORANDUM FILED MARCH 3, 1941.

*James A. Morcaldi,* and *Robert H. Alcorn,* of New Haven, for the Plaintiff.

*Vincent P. Dooley,* Corporation Counsel, of New Haven, for the Defendant.

BALDWIN, J.  The plaintiff, under his complaint as amended, claims that the defendant erected and has maintained a fence upon the plaintiff's land in a location so as to enclose with other land of the defendant some of the plaintiff's land, which land, claimed by the plaintiff, is used by the defendant with other land of the defendant, as a municipal golf course. The land so claimed by the plaintiff is located in East Haven and it consists of two parcels.  The first parcel is a nearly rectangular piece having a northerly boundary of 146.6 feet, more or less, an easterly boundary of 437.4 feet, more or less, a southerly boundary of 187.2 feet and a westerly boundary of 425.4 feet, more or less, and it includes one and six-tenths acres, more or less.

This piece is bounded northerly, easterly and westerly by other land of the defendant and on the southerly end by land

* See *Mucciante vs. City of New Haven, post,* p. 340.

of the plaintiff and is the land described as "Plot B" on plaintiff's Exhibit B. It also appears on plaintiff's Exhibit E and defendant's Exhibit 2.

The other piece is a triangular piece having its apex at the southwesterly corner of the piece hereinbefore described, the easterly boundary line of which is the plaintiff's land, the line running from the southwesterly corner of the former piece 564.3 feet, more or less, to Eastern Street, also known as Laurel Street. The base line of this triangular piece is upon the highway and is 130 feet long. The westerly boundary line thence runs along other land of the defendant 564.3 feet to the apex of the triangle.

This piece is bounded, therefore, easterly by land of the plaintiff, southerly by the highway and westerly by other land of the defendant and is shown on plaintiff's Exhibit E.

It is claimed by the plaintiff that by the erection and maintenance of the fence by the defendant and the enclosure thereby of the land with other land of the defendant and the maintenance of the golf course thereon that the defendant has ousted the plaintiff from possession of his land. The plaintiff further claims that players upon the golf course sometimes play golf balls upon land of the plaintiff and thereupon enter upon plaintiff's land in search for such balls and thereby trespass upon plaintiff's land.

The matter was referred to Hon. John W. Banks, State Referee, and plaintiff has remonstrated to his report.

The state referee, after reviewing some of the essential facts, has found and reported as a fact that the defendant has not ousted the plaintiff from the possession of any of his land and he has further found that: "If a player hooks his drive from the eighth tee the ball may go over the fence and land upon plaintiff's property. This has frequently occurred and players and caddies have on such occasions trespassed upon plaintiff's property to recover the balls. There was no proof that this has caused any substantial damage to the plaintiff."

Subdivisions A and D of the remonstrance attack the finding of the state referee that the defendant has not ousted the plaintiff from the possession of any land owned by him; subdivision A that this fact was found without evidence and subdivision D that "The ruling of the State Referee stated in

Paragraph 14 of the report was contrary to law, immaterial, and harmful to the plaintiff." Paragraph 14 of the report is the paragraph in which the state referee reports the fact found by him that "The defendant has not ousted the plaintiff from the possession of any land owned by him."

Subdivision B of the remonstrance attacks the report as being "inadequate", "contrary to the overwhelming weight of the evidence" and "insufficient to present these claims of law" and seeks a recommittal for a finding of facts claimed under subdivision C of the remonstrance.

A careful review of the entire evidence discloses a conflict as to location of boundary lines and title to the land claimed by the plaintiff. While a review of the evidence and exhibits discloses evidence substantially as referred to in subdivision C of the remonstrance, it cannot be said that the facts claimed to be based upon such evidence "were facts admitted or undisputed." The facts claimed from this evidence were in dispute and upon such a state of the case the court cannot retry the facts. *Practice Book* (1934) §172; *Pennsylvania-Dixie Cement Corp. vs. Lines Co.,* 119 Conn. 603, 608; *Gowdy vs. Gowdy,* 120 id. 508, 510. The evidence supports the conclusion as to the facts which the state referee found.

Subdivision E of the remonstrance attacks a ruling of the state referee excluding certain records of the Board of Assessors of East Haven and a ruling admitting a certified copy of a map made by the United States Coast and Geodetic Survey for the City of New Haven and rulings upon the admissibility of other evidence. These rulings, in each instance, were correct.

There is no occasion to recommit or to correct this report; the subordinate facts are amply supported as also are the ultimate facts.

The report is therefore accepted, the remonstrance is overruled and judgment is entered for the defendant.